**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORA LAVERY-PETRASH, | No. 15-16759 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01520-GEB-DAD |
| v. | |
| CATHOLIC HEALTHCARE WEST, AKA Sierra Nevada Memorial Hospital; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 25, 2016**

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Nora Lavery-Petrash appeals pro se from the district court's summary

judgment in her employment action alleging retaliation and discrimination in

violation of the Age Discrimination in Employment Act ("ADEA"), Title VII, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cotton v. City of Alameda*, 812 F.2d 1245, 1247 (9th Cir. 1987), and we affirm.

The district court properly granted summary judgment on Lavery-Petrash's age discrimination claims because Lavery-Petrash failed to raise a genuine dispute of material fact as to whether she was discriminated against on the basis of her age. *See id.* at 1248 (prima facie elements of age discrimination claim under ADEA); *Guz v. Bechtel Nat'l., Inc.,* 8 P.3d 1089, 1113 (Cal. 2000) (prima facie elements of age discrimination claim under FEHA).

The district court properly granted summary judgment on Lavery-Petrash's sex discrimination claims because Lavery-Petrash failed to raise a genuine dispute of material fact as to whether defendant's legitimate nondiscriminatory reasons for not allowing her to perform certain tasks were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062-63 (9th Cir. 2002) (setting forth Title VII sex discrimination claim and explaining that summary judgment is appropriate where defendant did not establish "a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence" (citation and internal quotation marks omitted)); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) (Title VII framework applies to FEHA claims).

The district court properly granted summary judgment on Lavery-Petrash's retaliation claims because Lavery-Petrash failed to raise a genuine dispute of material fact as to whether defendant's stated reasons for the adverse actions were pretextual. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66, 1070 (9th Cir. 2004) (listing elements of a retaliation claim and explaining that circumstantial evidence of pretext must be specific and substantial, and that timing alone is insufficient to establish pretext); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (same analysis applies to FEHA retaliation claims).

Lavery-Petrash's contentions regarding her expert witness report are unpersuasive because the record reflects that after Lavery-Petrash requested guidance from the court, the magistrate judge ordered her to provide defendants with her expert witness report, but she failed to do so.

Lavery-Petrash's contentions that the district court delayed her case based on issues with her counsel and that this prejudiced Lavery-Petrash are unpersuasive.

**AFFIRMED.**

3